**E-FILED on**   9/1/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIAS HEREDIA, VIRGINIA BURGUENO, RANDY KIRK, and CLARENCE STONE,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANTA CLARA COUNTY, THE SANTA CLARA COUNTY BOARD OF SUPERVISORS, and JESSE DURAZO,<br><br>    Defendants,<br><br>and<br><br>MARY DAVEY, DENNIS KENNEDY, and PEOPLE FOR LAND AND NATURE,<br><br>    Defendants-Intervenors. | No. C-06-04718 RMW<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>**[Re Docket Nos. 3, 15, 22, 30]** |

    The plaintiffs in this action move for a preliminary injunction to exclude from Santa Clara County ballots the "Conservation of Hillsides, Ranchlands, and Agricultural Lands Initiative." For the reasons given below, the court denies the motion.

## I. BACKGROUND

    The parties do not dispute the relevant facts. Conservation groups have been promoting the "Conservation of Hillsides, Ranchlands, and Agricultural Lands Initiative," which if adopted by

1 the voters of Santa Clara County, will limit development in certain areas of the county. The
2 initiative's proponents obtained enough signatures to include the initiative on Santa Clara County
3 ballots for the November 7, 2006 election. In June of this year, the relevant Santa Clara County
4 authorities determined the proponents of the initiative had met all other requirements to have the
5 measure placed on the November 7 ballot and instructed that it be included on the ballot. The
6 initiative's proponents used only materials written in English to collect signatures; a required notice
7 was printed in the Palo Alto *Weekly* only in English.

8 All plaintiffs are registered to vote in Santa Clara County. Plaintiff Elias Heredia's primary
9 language is Spanish. He encountered a person gathering signatures for the initiative, but this
10 person spoke only English and had only English-language printed material with him. Heredia
11 could not understand the initiative as presented and could not form an opinion regarding it.
12 Plaintiff Virginia Burgueno's primary language is Spanish but she did not encounter the promoters
13 of the initiative. Plaintiffs Randy Kirk and Clarence Stone do not allege that language barriers
14 have prevented them from understanding the initiative; they merely complain that if the initiative
15 passes, they will encounter additional restrictions on developing real property they own.

16 Plaintiffs initiated this action against Santa Clara County, the Santa Clara County Board of
17 Supervisors, and registrar Jesse Durazo (collectively the "County defendants"). The promoters of
18 the initiative, Mary Davey, Dennis Kennedy, and People for Land and Nature, petitioned to
19 intervene as defendants and, pursuant to a stipulation among the parties, were allowed to do so.
20 Plaintiffs presently seek to preliminary enjoin the County defendants from including the initiative
21 on ballots for the November 7, 2006 election.

## II. ANALYSIS

23 A district court has discretion to grant or deny a request for preliminary injunctive relief.
24 *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156 (9th Cir. 2006). Under the traditional
25 test for granting preliminary injunctive relief, the applicant must demonstrate: "(1) a likelihood of
26 success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships
27 favors the applicant; and (4) whether any public interest favors granting an injunction." *Raich v.*
28 *Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003). Alternatively, "[t]he moving party must show either

(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001). The two parts of this alternative test "represent extremes of a single continuum, rather than two separate tests." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (internal citation and quotation marks omitted).

Plaintiffs allege that the promotion of the initiative violated section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a, because the initiative was not presented to the public in Spanish, Chinese, Vietnamese, and Tagalog. Section 203 provides:

> Whenever any State or political subdivision subject to the prohibition of subsection (b) of this section provides any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language.

42 U.S.C. § 1973aa-1a(c). The parties do not dispute that subsection (b) applies to Santa Clara County. The present motion turns on the question of whether the initiative promoted by the intervenors is subject to the restrictions of subsection (c).

While the Ninth Circuit had previously held that section 203 applied to privately-circulated recall petitions in California, *Padilla v. Lever*, 429 F.3d 910, 922-24 (9th Cir. 2005), the court took the case *en banc*, 446 F.3d 922 (Apr. 20, 2006), and separately ordered the original opinion withdrawn, 446 F.3d 963 (Apr. 28, 2006). Oral argument before the *en banc* court took place on June 22, 2006; the matter is still under submission. There is otherwise no direct guidance from the Ninth Circuit on this question.[1]

---

[1] Plaintiffs argue that the Ninth Circuit determined that a reasonable argument could be made that section 203 applied to privately-circulated recall petitions. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 826 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). The issue in *Zaldivar*, however, was whether Rule 11 sanctions could be imposed against plaintiffs' counsel for arguing that section 203 applied to privately-circulated recall petitions. 780 F.2d at 827. The Ninth Circuit found only that the argument was not frivolous. *Id.* at 832-34. The majority in the original *Padilla* opinion nevertheless relied on the analysis from *Zaldivar* in deciding that section 203 applies to privately-promoted recall petitions. *Padillia*, 429 F.3d at 915-18. This court, however, is not persuaded that the analysis in the now-withdrawn *Padillia* opinion is sound; the *en banc* court considering *Padilla* is not bound by any holding in *Zaldivar* as it dealt with the question of whether the argument made by plaintiffs was sanctionable.

1    Two other circuits have addressed the issue. Both have found that section 203 does not
2 apply to citizen initiatives to amend state constitutions. *Montero v. Meyer*, 861 F.2d 603 (10th
3 Cir.1988); *Delgado v. Smith*, 861 F.2d 1489 (11th Cir.1988). In *Delgado*, the Eleventh Circuit
4 held that "the Voting Rights Act does not apply to initiative petitions and the involvement by the
5 state officials in the initiative process does not constitute state action." 861 F.2d at 1490-91. In
6 *Montero*, the Tenth Circuit similarly held that petitions were not covered by section 203 and that
7 the involvement of Colorado officials in the process does "not constitute providing the petitions to
8 the electorate."[2]

9    The plaintiffs bear the burden of showing they are likely to prevail. Where the line
10 separating private activity from state action under section 203 will eventually be drawn is
11 uncertain; reasonable jurists disagree about where the line should be drawn.[3] Given the unsettled
12 legal landscape, plaintiffs here cannot demonstrate a likelihood of success on the merits of their
13 claim that the initiative was promoted in a way that runs afoul of section 203 of the Voting Rights
14 Act. This court cannot say it is likely that the promotion of the initiative will be found to involve
15 "registration or voting notices, forms, instructions, assistance, or other materials or information
16 relating to the electoral process" provided by Santa Clara County within the meaning of section
17 203. This court will hazard no guesses as to the result before the *en banc* court in *Padilla*.

---

[2] While the parties disagree to what extent the California initiative process resembles the initiative procedures for Florida and Colorado, all involve some level of state management of ballot initiatives. None of the circuit courts to address the issue suggested that some initiatives should be covered by section 203 but not others.
   Furthermore, the House Committee on the Judiciary appears to have at least implicitly approved of *Montero* and *Delgado*. In the course of reauthorizing the Voting Rights Act, that committee stated that section 203 "does not require private citizens to make privately prepared and distributed materials available in the covered languages" because to do so "would have the effect of penalizing private citizens for injuries caused by States." H.R. Rep. 109-478, at 59 (2006).

[3] Judge Harry Pregerson wrote for the original majority in *Padilla*, while Judge William C. Canby, Jr., wrote in dissent that the Ninth Circuit should follow *Montero* and *Delgado*. *Padilla*, 429 F.3d at 911, 924. *Delgado* was also a 2-1 decision, with Judge Peter T. Fay writing for the majority that section 203 did not apply to initiative petitions and Judge R. Lanier Anderson writing in dissent that it should. 861F.2d at 1490, 1498. Judge John T. Moore wrote for the majority in *Montero*. 861 F.2d at 605. Judge Bobby R. Baldock felt the case was moot and therefore was "unable to express an opinion on the issue of whether the Voting Rights Act applies to the Colorado initiative process." *Id*. at 611-12.

1  However, the plaintiffs here cannot overcome the fact that two other circuits have decided the
2  section 203 issue adversely to their position and are persuasive in their reasoning.

3  The plaintiffs have demonstrated some threat of irreparable harm. If the plaintiffs are
4  correct that 203 applies here, Heredia and Burgeuno will have been illegally excluded from the
5  electoral process. The severity of this threat, however, is directly proportional to the plaintiffs'
6  likelihood of success on the merits (which, as noted above, is not great).[4] Further, the ballot
7  materials themselves will be in Spanish as well as the other required languages.

8  The balance of hardships favors the defendants. If the court incorrectly denies Heredia and
9  Burgeuno a preliminary injunction, they will lose the alleged protections of section 203 as to this
10 initiative until such time as the court determines that section 203 does apply. At that point
11 plaintiffs could probably enjoin the implementation of the initiative. Conversely, however, if the
12 court incorrectly enjoins the defendants from including the initiative on the ballot, Santa Clara
13 County will incur additional expense re-printing election materials such as ballots and notifying
14 voters of the change. *See* Durazo Decl. ¶¶ 13-14. More importantly, the public interest does not
15 favor an injunction. If the court incorrectly enjoins the defendants from including the initiative on
16 the ballot, this court will have improperly interfered with the voting rights of Santa Clara County
17 voters as a whole on an issue of public importance.

18 Plaintiffs have failed to demonstrate they are entitled to a preliminary injunction; their
19 motion is therefore denied. This denial is, of course, without prejudice to plaintiffs moving for
20 reconsideration if the Ninth Circuit issues an opinion in *Padilla* supporting their views.

---

[4] Plaintiffs Kirk and Stone lack standing to pursue claims under section 203. For a plaintiff to have standing, "the [Supreme] Court has required that the plaintiff's complaint fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Smelt v. County of Orange*, 447 F.3d 673, 683 (9th Cir. 2006) (internal quotation marks omitted). Congress described the problem it sought to remedy with section 203 as "citizens of language minorities have been effectively excluded from participation in the electoral process." 42 U.S.C. § 1973aa-1a(a). Section 203 was designed to include non-English-speakers in the electoral process. Kirk and Stone are (presumably English-speaking) landowners, and their allegations of harm center on restrictions the initiative, if passed, would place on development of land they own. Their interests are not those Congress sought to protect when passing section 203.

### III. ORDER

For the foregoing reasons, the court denies the plaintiffs' motion for a preliminary injunction.

DATED:     9/1/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Jay M. Ross jross@hopkinscarley.com
Dori Lynn Yob dyob@hopkinscarley.com

**Counsel for Defendants:**

John L. Winchester, III john.winchester@cco.sccgov.org
Fredric D. Woocher fwoocher@strumwooch.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 9/1/06           /s/ JH
                            **Chambers of Judge Whyte**